# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 10-103V
**Filed: July 9, 2015**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| LISA ERICZON, parent and legal, | * | |
| representative of the estate of J.E., | * | |
| | * | |
| Petitioner, | * | Special Master Dorsey |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Joint Stipulation on Damages; |
| AND HUMAN SERVICES, | * | Human Papillomavirus (HPV) |
| | * | Vaccine; Gardasil; Cerebral |
| Respondent. | * | Vasculitis; Death. |
| | * | |
| * * * * * * * * * * * * * * | | |

<u>Ronald Craig Homer</u>, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
<u>Debra A. Filteau Begley</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On February 18, 2010, Lisa Ericzon ("petitioner"), filed a petition, on behalf of her minor child, J.E., pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioner alleged that J.E. developed cerebral vasculitis that was caused by her receipt of the Human Papillomavirus ("HPV") vaccine administered to her on July 16, 2007, September 17, 2007, and February 20, 2008.  Petitioner further alleged that J.E.'s death

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

was a sequelae of her alleged injury.  On July 9, 2015, the parties filed a stipulation, stating that a decision should be entered awarding compensation.

Respondent denies that J.E.'s HPV vaccines caused her cerebral vasculitis, any other injury, or her death.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

**A lump sum of $200,000.00, in the form of a check payable to petitioner as conservator of J.E.'s estate**. This amount represent compensation for all items of damages that would be available under 42 U.S.C. § 300-aa-15(a).

Stipulation ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

```
*************************************
LISA ERICZON, parent and legal        *
representative of the estate of       *
JESSICA ERICZON,                      *        No. 10-103V
                  Petitioner,         *        SPECIAL MASTER
                                      *        NORA BETH DORSEY
v.                                    *
SECRETARY OF HEALTH AND               *
HUMAN SERVICES,                       *
                                      *
                  Respondent.         *
*************************************
```

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her daughter, Jessica Erizcon ("Jessica"), petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Jessica's receipt of the human papillomavirus ("HPV") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Jessica received HPV vaccines on July 16, 2007, September 17, 2007, and February 20, 2008.

3. These vaccines were administered within the United States.

4. Petitioner alleges that Jessica developed cerebral vasculitis that was caused-in-fact by her HPV vaccinations, and that her death was a sequelae of her alleged injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Jessica as a result of her condition.

6. Respondent denies that Jessica's HPV vaccines caused her cerebral vasculitis, any other injury, or her death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $200,000.00 in the form of a check payable to petitioner as conservator of Jessica's estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as conservator of Jessica's estate under the laws of the State of New York. No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as conservator of Jessica's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as conservator of the estate of Jessica Ericzon at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as conservator of the estate of Jessica Ericzon upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as legal representative of Jessica, on behalf of herself, Jessica, and Jessica's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Jessica resulting from, or alleged to have resulted from, the HPV vaccinations administered on July 16, 2007, September 17, 2007, and February 20, 2008, as alleged by petitioner in a petition for vaccine compensation filed on or about February 18, 2010, in the United States Court of Federal Claims as petition No. 10-103V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that Jessica's death, or any other injury, was caused by her HPV vaccinations.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative of the estate of Jessica Erizcon.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*Lisa Ericzon*
Lisa Ericzon

ATTORNEY OF RECORD FOR PETITIONER:

Ronald C. Homer by Meredith Daniels
RONALD C. HOMER   Rule 83.1(c)(2)
Conway, Homer & Chin-Caplan, P.C.
16 Shawmut Street
Boston, MA 02116
(617) 695-1990

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4181

Dated: July 9, 2015